Bentley, J.
There is a demurrer filed to the petition, on the ground that it does not state facts sufficient to constitute a cause of action. The case has been submitted, to this court upon that demurrer.
The demurrer raises the question whether the facts stated in the petition warrant the remedy asked for. It is well known that the office of a writ of mandamus is to require something to be done in the future; it is not primarily for the punishment of any particular past offense, but solely for the purpose of having done in the future some act which it is the duty of the officer to perform.
Section 6741 provides: “ Mandamus is a writ issued in the name of the state, to an inferior tribunal, a corporation, board or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station.” And it is held, and, of course, is a matter of common knowledge in the law, that the writ will not issue unless the averments of the petition for the plaintiff put the respondent in default; the petition, in other words, must show the necessity for the issuance of the writ in order to get the particular act performed, which the party has a right to exact.
*483 Now, in view of these considerations, does this petition meet the requirements of a petition for mandamus ? I call attention to the fact that it simply recites that on one certain occasion in the past the relator called upon the auditor for the purpose of getting an inspection of a certain book; that on certain other occasions in the past he was refused inspection of the book, the county commissioners’ record, and that on this particular occasion the book was kept under the auditor’s control and concealed in his office. Those are the averments in the petition upon which the prayer for mandamus is based, and there are no others stated. It is to be noticed in this connection that the petition does not state that the auditor noio refuses to allow this book to be inspected, or that he says he will in the future refuse to allow the relator the chance to inspect it, or that he will keep it concealed, or that that is his purpose, or that he claims any right to do so, from which might follow the idea that he would do in the future the things which, perhaps wrongfully, he did in the past. But averments of this kind are necessary to justify the issuance of this writ. If any writ should issue on this petition, or any remedy given whatever, it would be simply in punishment for an act, or certain number of definite acts, which have taken place in the past. So, really, the question which is practically discussed by counsel is hardly raised in this case; that is, whether or not the relator might go into the auditor’s office, and without disclosing what he wanted, require .the auditor to allow him to look at the commissioners’ record. I might say that that not being necessary, to our judgment, in this action, we need not, and do not pass upon it; yet from such discussions as we have had, our present idea about the matter is that it is not necessary for citizens and taxpayers when they want to look at the record at the proper time and under the proper circumstances, to disclose minutely to the auditor just what they want to look at that book for; but if, as a matter of fact, the citizen’s approaches to the auditor were under *484 sucb circumstances that it was not the auditor’s duty to gratify his curiosity, or he was seeking the book for an improper purpose, or purposes for which the law does not provide such a book, these would be defensive facts for the auditor. But I say that it is a matter which we don’t undertake to decide, simply throwing this out as our present impression, not binding upon us in case the matter should be presented again. But because the petition is not rightfully framed, we think the demurrer should be sustained.
Marshall & Bull, for relator.
E. G. Love, for respondent.